UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CRYSTAL MERCHANT, | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 2:18-cv-01710-JHE |
| FRESH CREATIONS, LLC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION[1]

Plaintiff Crystal Merchant ("Merchant") and Defendants Fresh Creations, LLC d/b/a Shoney's and Mickey Lamar Knight (incorrectly designated in the complaint as Michael Lamar Knight) (collectively "Defendants") have jointly requested approval of their settlement agreement, (docs. 22 & 24), which represents the resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). For the reasons set forth below, the court **APPROVES** the parties' settlement.

### I. Background Facts

On October 17, 2018, Merchant filed this action against Defendants alleging Defendants violated the FLSA by failing to pay her for all hours worked and for overtime payments. (Doc. 1). Defendants deny any violation of the FLSA, contending Merchant was paid the correct amount of wages for all hours worked. (Doc. 12).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 15).

## II. Analysis

If an employee proves his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011). Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the Eleventh Circuit stated there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

The undersigned has reviewed the agreement and finds the parties' dispute is legitimate. The parties dispute the following issues: (1) whether or not Merchant worked the hours she claims

to have worked, including overtime hours, without being properly compensated for those hours under applicable law; (2) whether or not the defendant employer's computer-generated time and compensation records and the pay stubs Merchant received during her entire period of employment contain entries that correctly reflect (i) the number of hours she worked, (ii) the number of overtime hours she worked, (iii) the clock out times when she clocked herself out, (iv) the clock out times when she was clocked out by a closing shift manager, and (v) the amount of tips, including the calculation of tip credits, to which she was entitled under applicable law; (3) whether or not the defendant employer's closing shift managers, on any given date, ever clocked Merchant out prior to the time she claims to have ceased working and, if so, then how often this occurred, on which dates this occurred, and by how much time in minutes and/or hours; (4) whether or not the defendant employer's computer-generated time and compensation records for its managers and other employees at the Oxford, Alabama location contain correct entries for those managers and employees, including entries on the dates Merchant claims that her compensation and time records were not correct; (5) whether or not Merchant received the correct amount of tips under applicable law; and (6) whether or not the defendant employer properly calculated the tip credits, if any, to which Merchant claims she was entitled under applicable law. (*See* doc. 24).

"Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)). The parties did not directly state in their motion that Merchant's attorney's

fees were agreed upon separately from Merchant's portion of the settlement. However, in the supplement provided, "[Merchant]'s counsel suggested an amount and, given the issues, Defendants did not object to the amount." (Doc. 24 at 3). Since this demonstrates that the fees were negotiated separately, the undersigned will approve them without separately considering their reasonableness.

### III. Conclusion

The court finds Merchant's FLSA claims represent a bona fide dispute over FLSA provisions and the parties' settlement is a fair and reasonable resolution of these bona fide disputes. Therefore, the parties' motion for settlement approval, (docs. 22 & 24), is **GRANTED**, and the settlement is **APPROVED**. At the parties' request, the undersign will retain jurisdiction as necessary to enforce the settlement. A separate order will be entered.

DONE this 13th day of September, 2019.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE